IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30835 |
| PHASE ONE SERVICES LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

**Affidavit of Attorney**
**Robert C. Lane, of The Lane Law Firm, PLLC**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

COMES NOW Robert C. Lane, with The Lane Law Firm, PLLC and having duly sworn upon his oath deposes and states as follows:

1. My name is Robert C. Lane. I am over the age of twenty-one years and am fully competent and authorized in all respects to execute this affidavit. The matters stated herein are true and correct and within my personal knowledge.

2. I am an attorney practicing in Texas with The Lane Law Firm, PLLC (the "Firm"), and I am duly licensed to practice before this Honorable Court. I have been licensed by the State Bar of Texas to practice law in the State of Texas since November of 2004.

3. This Affidavit is submitted, pursuant Federal Rules of Bankruptcy Procedure 2014, in support of the Debtor's Application to Employ Robert C. Lane of The Lane Law Firm, PLLC filed in the above-entitled Chapter 11 bankruptcy case.

4. In accordance with the requirements of 11 U.S.C. §327(a) and Rule 2014(a), neither the Firm nor I have any business or professional connections with the Debtor herein or its Creditors, or any party in interest, or with their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

5. The attorneys and staff of the Firm are qualified by both education and professional experience to provide bankruptcy legal services to Debtor Phase One Services LLC in the administration of the chapter 11 bankruptcy case and all related legal representation related to that administration.

6. I do not know of anything which would prevent me or the Firm from faithfully discharging the duties of attorneys for the Debtor-in-Possession herein. Subject to the foregoing, I believe that I, the attorneys of the Firm, and staff of the Firm are disinterested within the meaning of the Bankruptcy Code.

**EXHIBIT A**

7.     Per the terms of the Retainer Agreement LANE received two payments from the Debtor for its retainer: $5,000.00 on February 23, 2023 and $15,000.00 on March 6, 2023, for a total for $20,000.00 for financial advice and representation of the Debtor. Prior to the filing of this case, Lane $8,162.00 in attorney's fees and $1,772.50 in expenses from this retainer for the preparation and filing of this case. The remaining retainer balance on hand on the Petition date is $10,065.50.

8.     As of the Petition Date, the Debtor did not owe the Firm any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred, but not yet applied to the Firm's pre-petition retainer, the Firm's total retainer payment always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

9.     Further affiant sayeth naught."

The Lane Law Firm, PLLC

Robert C. Lane

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on March 8, 2023, to certify which witness my hand and official seal.

Notary Public in and for The State of Texas

My Commission Expires: _____



DAVID LEGER
My Notary ID # 132751967
Expires October 28, 2024