IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30835 |
| PHASE ONE SERVICES LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES IN THE ORDINARY COURSE OF BUSINESS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Phase One Services LLC (the "Debtor"), and hereby moves this Court for entry of an order pursuant to 11 U.S.C. §§105(a), 363 and 507(a)(4)-(5) (the "Bankruptcy Code") authorizing payment of prepetition wages (the "Motion") in the ordinary course of business, and respectfully represent as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

2. On March 8, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code").

3. The Debtor continues to manage and operate its shipping and transportation business as Debtor-In-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. The Debtor employs both W-2 employees and independent contractors (the "Contractors") to perform trucking and transportation services. The independent contractors drive the trucks owned by the Debtor.

5. The Debtor does pay wages, withhold taxes for its W-2 employees. As for the contractors, the Debtor does not withhold taxes or provide any benefits. The Debtor makes payments to the regular contractors upon delivery of the hauled load.

6. There are seven (7) W-2 employees and fourteen (14) contractors owed payment from before the filing date of March 8, 2023, as the next pay date is March 13, 2023 and March 14, 2023. The total amount of prepetition wages that needs to be paid for the March 13, 2023 payroll is $20,051.38 and the amount needed to pay for the March 14, 2023 payroll is $12,005.00. *See attached Exhibit "A"*. If the W-2 employees and contractors remain unpaid and are required (individually) to file claims, they will suffer great hardship and will likely terminate their relationship with the Debtor, causing unnecessary harm to the Debtor. All wages being paid are within the priority wage cap under 11 U.S.C. §507(a)(4).

## III. RELIEF SOUGHT

7. The Debtor seeks an order of the Court authorizing payment in the ordinary course of business of certain pre-petition compensation owed to its W-2 employees and independent contractors.

8. The Debtor incurs payment obligations to its W-2 employees and contractors for the performance of their services in the ordinary course of business.

9. The Debtor requests authority to pay accrued compensation for services performed by the W-2 employees and contractors as of the Petition Date. As of the Petition Date, accrued and unpaid compensation totals to approximately $32,056.38.

10. All of the W-2 employees and contractors that Debtor proposes to pay will have a priority claim for unpaid services rendered under §507(a)(4)(B) of the Bankruptcy Code. The Debtor has, or will have, sufficient funds on deposit to satisfy all the pre-petition W-2 Employee and Contractor Obligations so that the banks will not be prejudiced by any order directing them to honor the Debtor's checks for fund transfer requests with respect to such amounts.

11. The Debtor estimates that as of the Petition Date, amounts accrued for unpaid pre-petition W-2 Employees and Contractor Obligations should not exceed approximately $35,000.00.

## IV.   LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT

12. Sections 507(a)(4) and (5) of the Bankruptcy Code provide priority status for prepetition claims for wages, salaries, commissions, severance pay, vacation pay, sick leave pay, and contributions to employee benefit plans in an amount not to exceed $15,150.00 per employee. For a plan or reorganization to be confirmed, Section 1129 requires payment of priority claims under 11 U.S.C. §507(a)(4) and (5). Because the Employee Claims would be entitled to priority status under 11 U.S.C. §507(a)(4) and (5) and because such Employee

    Claims must be paid to confirm a plan of reorganization, Debtor's payment of such claims as requested herein should neither prejudice general unsecured creditors nor materially affect the Debtor's estate.

13. Section 105(a) of the Bankruptcy Code provides:

    The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

14. Section 363(c) of the Bankruptcy Code provides:

    If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. § 363(c).

15. Additionally, the "necessity of payment" doctrine recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential the continued operation of the debtor. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989). This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." *Id.* at 176.

16. In the instant case, the continued operation of the Debtor's business and its successful reorganization depends upon retention of the services of its W-2 employees and contractors. It is critical that the Debtors be authorized to continue regular payment of its W-2 employees and contractors. Moreover, if the checks issued and funds transfers requested in payment of the Pre-petition W-2 employees and Contractor Obligations are dishonored, or if such accrued obligations are not timely paid post-petition, the Debtor's

W-2 employees and contractors will suffer extreme personal hardship and will likely terminate their relationship with the Debtor. This would force the Debtor to seek new W-2 employees and contractors to perform its operations, driving and trucking services.

17. Further, the authority to pay Pre-petition W-2 employees and Contractor Obligations in accordance with the Debtor's pre-petition business practices is in the best interest of the Debtor, the Debtor's estate, and creditors, and will enable the Debtor to continue to operate its business in an economic, efficient manner without disruption.  Because Debtor's W-2 employees and contractors are central to Debtor's operations and vital to its reorganization, the loss of personnel at this critical time would have a serious impact on the value of the Debtor's business, and its ability to reorganize under Chapter 11.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request entry of an order granting relief requested herein, and such other and further relief as is just and proper.

Respectfully submitted,

THE LANE LAW FIRM, PLLC
*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTOR

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the Debtor's Emergency Motion for Entry of an Order Authorizing Payment of Pre-Petition Independent Contractor Obligations was served upon the US Trustee and to the parties listed on the service list below and the attached mailing matrix either via electronic notice by the court's ECF noticing system or by United States first class mail, postage prepaid, on March 8, 2023:

Debtor:
Phase One Services LLC
10604 ½ Wallisville Road
Houston, Texas 77044

US Trustee:
Office of The United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

Notice will be electronically mailed to:

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Alicia Lenae Barcomb on behalf of U.S. Trustee US Trustee
alicia.barcomb@usdoj.gov

                                                              */s/Robert C. Lane*
                                                              Robert C. Lane

```
Label Matrix for local noticing          Phase One Services LLC                   4
0541-4                                   10604 1/2 Wallisville Rd                 United States Bankruptcy Court
Case 23-30835                            Houston, TX 77013-4123                   PO Box 61010
Southern District of Texas                                                        Houston, TX 77208-1010
Houston
Wed Mar  8 07:46:43 CST 2023

Ashley Williams                          Aztec Portacans & Containers, LTD        Cashable LLC
12910 Breezy Meadow Ln.                  2001 W 34th Street                       2 Executive Blvd 305
Houston, TX 77044-1165                   Houston, TX 77018                        Suffern, NY 10901-8219


City of Houston                          Cloud Fund, LLC                          Cosco Shipping Lines
PO Box 1560                              400 Rella Blvd Suite 165-101             15600 JFK Blvd 400
Houston, TX 77251-1560                   Suffern, NY 10901-4241                   Houston, TX 77032-2344


DCLI Chassis                             Dakota Financial                         Department of Public Safety & Corrections
PO Box 603061                            11755 Wilshire Blvd Suite 1670           PO Box 61047
Charlotte, NC 28260-3061                 Los Angeles, CA 90025-1526               New Orleans, LA 70161-1047


Evergreen Shipping Agency                Falcon Fleet Maintenance                 Financial Pacific Leasing
16000 North Dallas Parkway 400           PO Box 7228                              3455 S. 344th Way Ste 300
Dallas, TX 75248-6609                    Houston, TX 77248-7228                   Federal Way, WA 98001-9546


HAPAG-LLOYD (AMERICA) LLC                HMM Co., LTD                             Harris County Toll Road Authority
Regional Headquarters                    222 West Las Colinas Blvd 700            PO Box 4440
399 Hoes Lane                            Irving, TX 75039-5468                    Houston, TX 77210-4440
Piscataway, NJ 08854-4115


Houston Industrial Yard, Inc./Triton Realty   IPFS Corporation                    Internal Revenue Service
3657 Briarpark Drive 300                 P.O. Box 412086                          P.O. Box 7346
Houston, TX 77042-5266                   Kansas City, MO 64141-2086               Philadelphia, PA 19101-7346


Law Offices of Isaac H. Greenfield PLLC  M&M Tire and Mechanic Shop               Mediterranean Shipping Company Inc.
2 Executive Blvd 305                     11649 Wallisville Road                   4700 W Sam Houston Pkwy N 250
Suffern, NY 10901-8219                   Houston, TX 77013-3418                   Houston, TX 77041-8225


Motive Credit Card                       Navitas Credit                           OTR Leasing
3500 South Dupont Highway                203 Fort Wade Road 300                   9100 Liberty Drive
Dover, DE 19901-6041                     Ponte Vedra, FL 32081-5159               Liberty, MO 64068-7500


Padfield & Stout                         Plexe LLC                                Sealand Maersk Company
420 Throckmorton Street Suite 1210       6295 Greenwood Plaza Blvd 100            9300 Arrowpoint Blvd
Fort Worth, TX 76102-3792                Englewood, CO 80111-4978                 Charlotte, NC 28273-8136
```

| | | |
|---|---|---|
| Shark Trucking<br>12106 Mesa Drive<br>Houston, TX 77016-1622 | Silverline Services Inc.<br>1334 Peninsula Blvd 160<br>Hewlett, NY 11557-1226 | Small Business Administration<br>409 3rd St SW<br>Washington, DC 20416-0005 |
| Stream<br>PO Box 650261<br>Dallas, TX 75265-0261 | TBS Factoring Service<br>PO Box 18109<br>Oklahoma City, OK 73154-0109 | TRAC Intermodel<br>750 College Road East<br>Princeton, NJ 08540-6646 |
| TXTAG<br>PO Box 650749<br>Dallas, TX 75265-0749 | The Feldman Law Firm, P.C.<br>3000 Marcus Avenue 2W15<br>New Hyde Park, NY 11042-1005 | The LCF Group<br>3000 Marcus Avenue 15<br>New Hyde Park, NY 11042-1005 |
| The Lane Law Firm<br>6200 Savoy Dr Ste 1150<br>Houston, TX 77036-3369 | Transfer Shipping<br>25 W I-65 Service Road<br>Mobile, AL 36608-1201 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 |
| Waste Management<br>1001 Fannin Suite 4000<br>Houston, TX 77002-6711 | Willscot<br>4646 E Van Buren Street<br>Phoenix, AZ 85008-6915 | Ying Yang<br>3250 Briarpark Dr Suite 201<br>Houston, TX 77042-4263 |
| ZiM American Integrated Shipping Lines<br>5801 Lake Wright Drive<br>Norfolk, VA 23502-1863 | Robert Chamless Lane<br>The Lane Law Firm<br>6200 Savoy Drive<br>Ste 1150<br>Houston, TX 77036-3369 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Phase One Services LLC<br>10604 1/2 Wallisville Rd<br>Houston, TX 77013-4123 | (u)Williams Scotsman, Inc.<br>10604 1/2 Wallisville Road<br>77103 | End of Label Matrix<br>Mailable recipients     46<br>Bypassed recipients      2<br>Total                    48 |