**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30835 |
| PHASE ONE SERVICES LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

**ORDER ON AUTHORITY TO (I) CONTINUE PREPETITION FACTORING AGREEMENT ON A POSTPETITION BASIS AND (II) MODIFYING THE AUTOMATIC STAY**
(D<small>OCKET</small> N<small>O</small>. 6)

On Motion by Phase One Services LLC ("Debtor") to continue the pre-petition factoring agreement post-petition with TBS Factoring Service ("Factor"), and the Court having considered the Motion, it is accordingly,

ORDERED as follows:

1. The Debtor is authorized, effective immediately, to continue to assign its accounts to the Factor pursuant to Bankruptcy Code Section 363, pursuant to the terms of the Pre-petition Agreement, and to execute all documents and take all actions to be executed and taken in connection with and in furtherance of all undertakings and obligations thereunder.

2. Upon entry of this Order, the Debtor shall be deemed to have, and is authorized and empowered to (i) assume the pre-petition Agreement, and (ii) incur secured indebtedness to the Factor pursuant to this Order and the Agreement in such amounts as needed in the ordinary course of its business and not for any purpose prohibited by law. Debtor's use of the proceeds of such indebtedness shall not affect the rights of Factor hereunder. Any transaction between the Debtor and the

      Factor that Factor reasonably understands to be intended to be under the Agreement shall represent such assumption of the Agreement by Debtor.

3. Factor and Debtor may amend, modify, supplement, waive the provisions of and/or extend the term of the agreements contemplated herein without further order of the Court if it does not materially alter the provisions thereof.

4. Pursuant to Section 364(c)(2) and 364(d)(1) of the Bankruptcy Code, the Debtor may grant to Factor a security interest in the collateral as set forth in the Agreement effective as of the date of the filing of the Bankruptcy Case ("Collateral") as collateral for all present and future obligations of the Debtor to the Factor (the "Obligations").  The Factor's security interest shall be senior to the claim of any entity now or hereafter claiming an interest in the Collateral.  The Factor may but need not file an Initial Financing Statement under the Uniform Commercial Code to perfect its security interest in the Collateral.

5. The Obligations shall constitute a priority administrative expense claim under Section 364(c)(1) of the Bankruptcy Code, which shall be deemed allowed, without any further filing by the Factor.

6. To the extent that the Debtor may become indebted to any governmental entity, whether for payroll or other taxes or otherwise, and said governmental entity is also an account debtor of the Debtor, the governmental entity's right of setoff, defense, counterclaim or recoupment, if any, shall be subordinate to the rights of the Factor with respect to accounts owing to the Debtor which comprise a portion of the Collateral, and the governmental entity shall pay the amount owing on the account free of any claim of setoff or recoupment.

7. The liens granted to the Factor herein are deemed validly granted, duly attached, and properly perfected, without the need of any additional actions being taken by or on behalf of Secured Party, including but not limited to, the filing or recording of Uniform Commercial Code financing statements; provided, however, that in the event the Factor does make such a filing or recordation, the Debtor shall execute all documents required by Secured Party to do so.

8. Factor shall be the owner of Accounts purchased under the Agreement and the purchased Accounts and all proceeds there from shall be the sole property of Secured Party, and will not, when purchased by Secured Party, constitute property of the estate, and shall be free and clear of any claims.

9. Nothing in the Agreement or in any of the documents executed in connection therewith or this Order shall require Secured Party to provide working capital to the Debtor, such being in the sole discretion of Secured Party.

10. This Court hereby affords the Secured Party the protection of Section 364(e) of the Bankruptcy Code with regard to the reversal or modification on appeal of this Order, or to the modification, vacating, or other amendment of this Order by this Court.

11. The Debtor shall comply with all provisions of the Agreement.

12. The Secured Party waives any provision of the Agreement which causes the Debtor to be in default thereunder solely because of this bankruptcy case or its insolvency.

13. The Debtor shall not grant to any other party any interest in the Collateral or priority in payment prior to or equal with the lien or priority in payment hereby being accorded to Secured Party.

14. The entry of this Order and execution, delivery, and performance under the Agreement, or under any other documents executed in connection therewith, do not constitute a compromise, waiver, or other relinquishment of any right of Secured Party at law, in equity or otherwise, including, but not limited to, any right of Secured Party to request and to obtain relief under the Bankruptcy Code.

15. The automatic stay provisions of 11 U.S.C. Section 362 are lifted to enable Secured Party to implement the provisions of this Order and otherwise thereby to permit Secured Party to demand and receive collections on account of the Collateral, and to apply those collections to the Obligations.  Notwithstanding the foregoing, the Secured Party is not hereby granted relief from the automatic stay to enforce any other remedies against the Debtor that may be afforded under the Agreement.  With respect thereto, in the event a Default occurs under the terms of the Agreement, Secured Party shall have (i) a right to notice an expedited hearing before this Court seeking such relief as may be deemed appropriate upon such notice as the Court shall determine to be reasonable to counsel for the Debtor; (ii) counsel for any statutory committee appointed herein; (iii) the Office of the U.S. Trustee; and (iv) the United States Attorney's Office.

16. The Debtor may not use any of Secured Party's "cash collateral" which for purposes of this Order is defined as receivables and cash equivalents.  Accordingly, any cash collateral heretofore received by the Debtor shall be immediately paid to Secured Party; and hereafter coming into the Debtor's possession shall be paid to Secured Party immediately upon the Debtor's receipt.

17. The Debtor will not propose a Plan of Reorganization that requires Secured Party to accept less than the full amount that the Debtor owes to Secured Party as of the date of commencement of this case.

18. The Debtor will not seek to surcharge the Secured Party or its collateral with any expenses of the type described in Section 506(c) or 552(b) of the Bankruptcy Code unless it obtained Secured Party's prior written consent to the incurrence of such expenses.

19. The Agreement is enforceable according to its terms and nothing contained therein is unlawful, unenforceable or violative of any usury or similar statute.

20. An event of default under this Order ("Default") shall include the following:

    a. the Debtor's failure to perform or comply with any of the terms, conditions, or covenants of this Order;

    b. The Debtor's failure to perform or comply with any of the terms, conditions, or covenants of the Agreement;

    c. The termination of this Order by its own terms, operation of law or court order;

21. Notwithstanding anything to the contrary contained herein, the proceeds of any advance from Secured Party, shall not be used either: (a) in connection with the investigation, assertion, commencement, or continuation of any action or claim against Secured Party or (b) to object to or contest, or raise any defenses to the validity, perfection, priority, or enforceability of any rights or claims of the Secured Party.

22. This Order is without prejudice to Secured Party's rights to pursue all rights and remedies under the Bankruptcy Code, the Agreement, and any other applicable agreement or law, including without limitation to seek relief from the automatic

stay and/or to seek adequate protection with respect to matters not covered by this Order, to seek an injunction, and/or to object to applications for allowance and/or payment of compensation of professionals employed by the Debtor or its estate.

23. The obligations and indebtedness owed under the Agreement are valid and indefeasible obligations of the Debtor and its estate, in accordance with their terms; and the liens and security interests in favor of Secured Party with respect to the Collateral are valid, enforceable, perfected, and unavoidable under the Bankruptcy Code, including Section 552, and any other applicable law.

Signed:

_____
Marvin Isgur
United States Bankruptcy Judge