**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30835 |
| PHASE ONE SERVICES LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

**ORDER ON AUTHORITY TO (I) CONTINUE PREPETITION FACTORING AGREEMENT ON A POSTPETITION BASIS AND (II) MODIFYING THE AUTOMATIC STAY**
(DOCKET NO. 6)

On Motion by Debtor in Possession, Phase One Services LLC, d/b/a Phase One Logistics (the "Debtor") to continue the pre-petition factoring agreement with TBS Factoring Service ("Factor") on a post-petition basis, and the Court having considered the Motion, it is accordingly,

ORDERED as follows:

1. The Debtor is authorized, effective immediately, to continue to sell its accounts ("Account") to the Factor pursuant to Bankruptcy Code Section 363, pursuant to the terms of the Pre-petition Factoring Agreement (the "Agreement"), and to execute all documents and take all actions to be executed and taken in connection with and in furtherance of all undertakings and obligations thereunder.

2. A true and correct copy of the Agreement is attached hereto, incorporated herein by this reference, and marked as Exhibit "A."

3. Upon entry of this Order, pursuant to 11 U.S.C. § 364(d) and § 365(a), the Debtor shall be deemed to have, and is authorized and directed to (i) assume the Agreement, (ii) cure any pre-petition defaults under the Agreement; and (iii) incur secured indebtedness to the Factor pursuant to this Order and the Agreement in such amounts as needed in the ordinary course of its business and not for any

purpose prohibited by law. Debtor's use of the proceeds of such indebtedness shall not affect the rights of Factor hereunder. Any transaction between the Debtor and the Factor that Factor reasonably understands to be intended to be under the Agreement shall represent such assumption of the Agreement by Debtor.

4. Factor and Debtor may amend, modify, supplement, waive the provisions of and/or extend the term of the agreements contemplated herein without further order of the Court if it does not materially alter the provisions thereof.

5. Factor is authorized but not required to buy accounts from Debtor. Factor may agree to buy some accounts from the Debtor, and to decline to buy others, in its sole discretion. Nothing in this Order shall be deemed to expand Factor's contractual obligations to the Debtor under the Pre-Petition Agreement.

6. Pursuant to Section 364(c)(2) and 364(d)(1) of the Bankruptcy Code, the Debtor hereby grants to Factor a first lien post-petition security interest in the collateral as set forth in the Agreement ("Collateral") to secure repayment of all present and future obligations of the Debtor to the Factor (the "Obligations"). The Factor's security interest shall be senior to the claim of any entity now or hereafter claiming an interest in the Collateral.

7. The Obligations shall constitute a priority administrative expense claim under Sections 364(c)(1) of the Bankruptcy Code, which shall be deemed allowed, without any further filing by the Factor. To the extent that the Debtor's operations result in diminution in the value of Collateral securing Obligations, the Factor shall be granted a superpriority administrative claim pursuant to 11 U.S.C. §§364(c) and 507(b) over all other administrative claims.

8. To the extent that the Debtor may become indebted to any governmental entity, whether for payroll or other taxes or otherwise, and said governmental entity is also an account debtor of the Debtor, the governmental entity's right of setoff, defense, counterclaim or recoupment, if any, shall be subordinate to the rights of the Factor with respect to Accounts owing to the Debtor which comprise a portion of the Collateral, and the governmental entity shall pay the amount owing on the Account free of any claim of setoff or recoupment.

9. The liens granted to the Factor herein are deemed first priority, validly granted, duly attached, and properly perfected, without the need of any additional actions being taken by or on behalf of Factor, including but not limited to, the filing or recording of Uniform Commercial Code financing statements; provided, however, that in the event the Factor does make such a filing or recordation, the Debtor shall execute all documents required by Factor to do so.

10. Factor shall be the owner of Accounts purchased under the Agreement and the purchased Accounts and all proceeds there from shall be the sole property of Factor, and will not, when purchased by Factor, constitute property of the estate, and shall be free and clear of any claims.

11. Nothing in the Agreement or in any of the documents executed in connection therewith or this Order shall require Factor to provide working capital to the Debtor, such being in the sole discretion of Factor.

12. This Court finds that Factor has acted in good faith in connection with this Agreement, the Debtor's Motion [Docket No. 6], and this Order. The Court hereby affords Factor the protection of Section 364(e) of the Bankruptcy Code with regard

to the reversal or modification on appeal of this Order, or to the modification, vacating, or other amendment of this Order by this Court.

13. The Debtor shall comply with all provisions of the Agreement.

14. The Factor waives any provision of the Agreement which causes the Debtor to be in default thereunder solely because of this bankruptcy case or its insolvency. However, this waiver shall not waive or affect Factor's other rights and obligations under the Agreement.

15. The Debtor shall not grant to any other party any interest in the Collateral or priority in payment prior to or equal with the lien or priority in payment hereby being accorded to Factor.

16. The Factor shall be entitled to withhold $5,000 per month from the proceeds of the purchase of Accounts to establish a reserve, up to a maximum reserve amount of $25,000, which may be considered Collateral under this Order and as adequate protection for provision of post-petition DIP financing.

17. The entry of this Order and execution, delivery, and performance under the Agreement, or under any other documents executed in connection therewith, do not constitute a compromise, waiver, or other relinquishment of any right of Factor at law, in equity or otherwise, including, but not limited to, any right of Factor to terminate the Agreement for post-petition default or to request and obtain relief under the Bankruptcy Code

18. The automatic stay provisions of 11 U.S.C. Section 362 are modified to enable Factor to implement the provisions of this Order and otherwise thereby to permit Factor to demand and receive collections on account of the Collateral, and to apply

those collections to the Obligations. Notwithstanding the foregoing, the Factor is not hereby granted relief from the automatic stay to enforce any other remedies against the Debtor that may be afforded under the Agreement. With respect thereto, in the event a Default occurs under the terms of the Agreement, Factor shall have (i) a right to notice an expedited hearing before this Court seeking such relief as may be deemed appropriate upon such notice as the Court shall determine to be reasonable to counsel for the Debtor; (ii) counsel for any statutory committee appointed herein; (iii) the Office of the U.S. Trustee; and (iv) the United States Attorney's Office.

19. The Debtor may not use any of Factor's "cash collateral" which for purposes of this Order is defined as receivables and cash equivalents. Accordingly, any cash collateral heretofore received by the Debtor shall be immediately paid to Factor; and hereafter coming into the Debtor's possession shall be paid to Factor immediately upon the Debtor's receipt.

20. The Debtor will not propose a Plan of Reorganization that requires Factor to accept less than the full amount that the Debtor owes to Factor as of the date of commencement of this case.

21. The Debtor will not seek to surcharge the Factor or its collateral with any expenses of the type described in Section 506(c) or 552(b) of the Bankruptcy Code unless it obtained Factor's prior written consent to the incurrence of such expenses.

22. The Agreement is enforceable according to its terms and nothing contained therein is unlawful, unenforceable or violative of any usury or similar statute.

23. An event of default under this Order ("Default") shall include the following:

    a.     the Debtor's failure to perform or comply with any of the terms, conditions, or covenants of this Order;

    b.     The Debtor's failure to perform or comply with any of the terms, conditions, or covenants of the Agreement;

    c.     The termination of this Order by its own terms, operation of law or court order;

24. Notwithstanding anything to the contrary contained herein, the proceeds of any advance from Factor, shall not be used either: (a) in connection with the investigation, assertion, commencement, or continuation of any action or claim against Factor or (b) to object to or contest, or raise any defenses to the validity, perfection, priority, or enforceability of any rights or claims of the Factor.

25. This Order is without prejudice to Factor's rights to pursue all rights and remedies under the Bankruptcy Code, the Agreement, and any other applicable agreement or law, including without limitation to seek relief from the automatic stay and/or to seek adequate protection with respect to matters not covered by this Order, to seek an injunction, and/or to object to applications for allowance and/or payment of compensation of professionals employed by the Debtor or its estate.

26. The Factor is hereby authorized to seek allowance and reimbursement of its reasonable and necessary attorneys' fee and costs as an administrative expense and as a secured claim pursuant to the terms of the Agreement, 11 U.S.C. § 506(b), and § 503(b)(1).  Factor may do so by one or more fee applications.  The Debtor and other parties in interest retain the right to review such fee applications for reasonableness and to object if appropriate.

27. The obligations and indebtedness owed under the Agreement are valid and indefeasible obligations of the Debtor and its estate, in accordance with their terms;

and the liens and security interests in favor of Factor with respect to the Collateral are valid, enforceable, perfected, and unavoidable under the Bankruptcy Code, including Section 552, and any other applicable law.

28. The terms of this Order shall conversion of the Debtor's Chapter 11 case to a case under Chapter 7, and shall bind any Chapter 11 trustee, Chapter 7 trustee, or other successor to the Debtor.

Signed:

_____
Marvin Isgur
United States Bankruptcy Judge

AGREED AS TO FORM AND SUBSTANCE:

THE LANE LAW FIRM, PLLC

*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No 24091592
Joshua.gordon@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTOR

AND

Whitaker Chalk Swindle & Schwartz PLLC

*/s/Robert A. Simon signed with permission RCL*
Robert A. Simon
Texas Bar No. 18390000
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0570
Facsimile: (817) 878-0587
rsimon@whitakerchalk.com
**Attorneys for Creditor**
**TBS Factoring Service, LLC**