IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-30835** |
| **PHASE ONE SERVICES, LLC,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

## OBJECTION TO DEBTOR'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Interpool, Inc. d/b/a TRAC Intermodal ("TRAC") files this *Objection to Debtor's Motion to Dismiss* (the "Motion"), and in support hereof, respectfully states as follows:

1. TRAC is an administrative expense claimant in this case. Since the Petition Date, the Debtor has incurred $159,347.97 (through July of 2023) in charges for chassis rentals that have not been paid. In fact, TRAC has received no payments from the Debtor since prior to the Petition Date. On August 14, 2023, TRAC filed its Motion for Payment of Administrative Expense Claim [Docket No. 106], which is still pending before this Court.

2. As a result of the Debtor's failure to pay the ongoing charges, TRAC has incurred, and will continue to incur, substantial losses. On August 14, 2023, TRAC filed its Emergency Motion for Relief from Automatic Stay [Docket No. 107] seeking to terminate the Agreement and retrieve its property. A hearing has been set on this motion for August 29, 2023 at 1:30 p.m.

3. The Debtor now seeks to dismiss its case, alleging that a run of bad luck has ended and it is now able to "show profit and remain a viable, structurally sound drayage transportation company." The Debtor requests that dismissal be without prejudice so it can immediately refile another bankruptcy case.

4. TRAC objects to dismissal of this case. The apparent sole reason why the Debtor

seeks dismissal to refile the case is to convert administrative claims that it has incurred in the post-petition operation of the business to general unsecured claims. This constitutes bad faith that should not be allowed by this Court.

5. It is not "bad luck" that the Debtor failed to pay TRAC anything during the pendency of this case, it is gross mismanagement. The Debtor concealed its failure by filing false monthly operating reports that each showed $0.00 in unpaid bills. Further, the Debtor's financial representations in its Motion to Dismiss are highly suspect since it has not paid nor accounted for charges incurred to TRAC.

6. The purpose of the Bankruptcy Code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process to avoid paying their debts. *In re Nassar*, 216 B.R. 606, 608 (Bankr. S.D. Tex. 1998) (citing *In re Molitor*, 76 F.3d 218, 220 (8th Cir. 1996)). Pursuant to Section 1112(b) of the Bankruptcy Code, a court may dismiss or convert a chapter 11 bankruptcy case "for cause." Lack of good faith can constitute "cause" to dismiss or convert a case. *In re Ozcelebi*, 639 B.R. 365, 384 (Bankr. S.D. Tex. 2022). "A finding of bad faith requires some form of deception, such as an effort to mislead creditors or to conceal assets, as opposed to a mere mistaken failure to list an asset or to claim an exemption." *In re Unruh*, 265 F. App'x 148, 150 (5th Cir. 2008). In this case, the Debtor willfully misled the Court and creditors regarding its post-petition financial condition. The Debtor's actions constitute bad faith.

7. TRAC supports conversion of this case to chapter 7 rather than dismissal. Due to the Debtor's mismanagement, it is prudent to have a trustee examine the Debtor's finances to determine if there are any truly unencumbered assets, litigation or claims that may be pursued for the benefit of creditors. The Debtor's failure to pay its post-petition creditors and subsequent concealment of that failure raises the question of whether assets may be discovered that might pay

TRAC and other administrative claimants. If this case is simply dismissed, or dismissed and refiled, it is likely that TRAC will receive nothing.

8. In acting upon a request for conversion, the bankruptcy court is afforded wide discretion. *In re Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986) "There is no bright line test to determine whether conversion or dismissal is in the best interest of creditors and the estate." *In re Ozcelebi*, 639 B.R. 365, 425 (Bankr. S.D. Tex. 2022). TRAC asserts that conversion of this case is in the best interest of creditors.

WHEREFORE, TRAC respectfully requests that this Court deny the Debtor's motion to dismiss the case; order conversion of the case to chapter 7; and grant TRAC such other and further relief as this Court may deem just and proper.

Dated: August 23, 2023.

**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 346.247.7158

**ATTORNEYS FOR INTERPOOL, INC.
D/B/A TRAC INTERMODAL**

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, a true and correct copy of the foregoing Motion was served via the Court's CM/ECF system to all parties consenting to service through the same.

By: /s/ *Timothy L. Wentworth*
Timothy L. Wentworth

4895-5396-5434, v. 2